Dyicman, J.
When this cause was before us on the former appeal from the order denying a motion to set aside a judgment in the action in favor of the plaintiffs wtiich had been obtained by default, all the legal aspects of the case were examined and determined in favor of the plaintiffs, so far as they could be examined and decided at that time. 37 Hun, 435. Thereupon the defendant took a new trial under the statute, and the cause has been tried and the complaint has been dismissed, and the plaintiffs have appealed from the judgment. Upon the new trial full force and effect was intended to be accorded to the decision of the general term on the former appeal, but the trial judge determined that the proof did not furnish a sufficient identification of the property to justify a recovery of the same, and dismissed the complaint for that reason.
After full examination and consideration we find ourselves unable to coincide with the views of the trial judge. The plaintiffs are the owners of lot Ho. 23 on the commissioners’ map of a part of the estate of Johannes Emmons, deceased, situate in the towns of Gravesend and Elat Lands in Kings ■county, which was recorded in the office of the register of Kings county as map Ho. 173, and the defendant has never established any interest or right in the lot of any kind. The lot is bounded on the north by the Sheepshead bay road, on the south by the Atlantic ocean, and it is a lot 66 feet wide on the .Sheepshead bay road, and 90 feet wide on the ocean. The lot immediately west of the lot in question is of the same width, and on the west side of that lot there was a ditch. Charles Cook, the surveyor, made a survey and map of the lot, and he testified to the substantial identity of the lot shown on the map made by him, and lot Ho. 23, of map Ho. 173,—the commissioners’ map. He said he found a ditch on the ground he surveyed, and measured 66 feet from it, and got his starting-point from the old Sheepshead bay road. As that west line was a straight line 66 feet east from the ditch, there seems to be small opportunity for mistake in obtaining the starting-point. It is true ■lie said he found a difference in the course of the ditch, as compared with the ■ditch shown on the commissioners’ map; but that is quite immaterial, as the ditch is only used as a monument, and, as such, it will control both courses and distances when there is no question of its actual location. The witness also said, in substance, that, practically, his map was a correct representation of the lot shown upon the map of the commissioners in the partition suit, with the exception of the accretion towards the ocean shore. Bearing continually in mind the great fact of the ownership of the plaintiffs of the lot delineated upon the map of the commissioners in the partition suit, (between the Sheepshead bay road and the ocean,) with a number and an established width at both ends, on the road and on the ocean, bounded by straight lines on the east and ■west side, with a so well-defined and certain monument as a ditch 66 feet from ■the west line of the lot, the mere location of such a lot does not seem to be ■a labor of very great difficulty, and we find the lot located by the testimony with sufficient certainty to enable an officer of the court to deliver the possession of the same to the plaintiffs, under a proper mandate from the court for that purpose. The testimony also shows that the .defendant has reduced the lot in question to possession without right, and so a case was made which required a judgment in favor of the plaintiffs. The judgment should be reversed, and a new trial granted, with costs to abide the event.
Barnard, P. J., concurs.
Pratt, J., dissents.